JOHNSON, Administrator, Respondent, vs. SULLIVAN'S DE-
LIVERY, Appellant.

*March 13—April 8, 1924.*

*Automobiles: Negligence of driver of truck: Collision with an-
other automobile: Death of person riding on truck: Questions
for jury.*

1. In an action to recover damages for the death of one riding on
   defendant's automobile truck, caused by a collision between
   such truck, while it was engaged in transporting a stove for
   the employer of deceased, and another automobile, the evi-
   dence is *held* to present jury questions both as to the negli-
   gence of the driver of the truck and the contributory neg-
   ligence of deceased.    p. 462.
2. The evidence is also *held* to sustain a finding of the jury that
   the driver, who had gone out of his direct route to pick up
   a sofa and deliver it to his home while engaged in moving the
   stove, was within the scope of his employment.    p. 462.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This is a case wherein the plaintiff had judgment in the
sum of $3,502.70 for damages for death by wrongful act.

Defendant was a corporation and was engaged in the
general delivery and trucking business in Milwaukee. On
the 29th of October, 1920, the vice-president of the Snap-
On-Wrench Company, a corporation, ordered a motor truck
from the defendant for the purpose of getting a stove to be
delivered to its factory.   At the time, he notified the de-
fendant to report at the office of the company, when two
of the Wrench Company's men would go with the truck to
assist in getting the stove.   The defendant's driver reported
to the Wrench Company with an auto truck, as ordered, and
the two men from the Wrench Company accompanied the
auto truck and procured the stove.   When the stove was
loaded on the truck, the driver of the auto stated that he
wished to get a sofa to be delivered to his home, and drove
a somewhat circuitous route on his return with the stove,

picked up the sofa, delivered it, and then when on his way to the Wrench Company with the stove had a collision with a heavy auto truck belonging to the Pabst Company, at Fourth and Harmon streets, in the city of Milwaukee. The defendant's truck struck the Pabst truck about in the center, and the collision resulted in the death of William Johnson, one of the men sent by the Wrench Company to assist in procuring the stove. The other man, Hilmer Johnson, was sitting in the seat with the driver of the auto, and William Johnson was partially sitting on his lap when the accident happened. Harmon street crosses Fourth street at right angles. The accident happened in broad daylight and there was no excuse for the failure of the driver of defendant's truck in driving head-on into the Pabst truck, unless, as he claimed, he could not see very well on account of Johnson sitting forward in the other man's lap and obstructing his view to the right in the direction from which the Pabst truck was coming.

The case was tried before a jury, which rendered a verdict in effect that the driver failed to exercise ordinary care with respect to the speed of his truck, which was a proximate cause of the collision; also, he failed to exercise ordinary care as to the control of his truck, which was a proximate cause of the collision; that the driver failed to exercise ordinary care with respect to keeping a look-out, which was a proximate cause of the collision; that William Johnson was not guilty of contributory negligence; that the driver was acting within the scope of his employment at the time of the collision; and fixing the damages to the estate of Johnson at $355, and for the pecuniary loss to his parents at $4,645.

The trial court cut the verdict for the pecuniary loss to the parents to $3,000, and entered judgment thereon for $3,355.

The cause was submitted for the appellant on the brief of *J. Elmer Lehr,* attorney, and *Nohl, Nohl & Petrie,* of

counsel, all of Milwaukee, and for the respondent on that of *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee.

CROWNHART, J.  The defendant assigns as errors herein, the failure of the court to direct a verdict in its favor; failure to enter judgment for defendant notwithstanding the verdict; refusal to change the answers in the verdict; in denying motions for a new trial; and failure to submit certain questions to the jury.  The facts as before stated clearly made this a case for the jury.  Without doubt the driver was guilty of negligence in running head-on into the Pabst truck.  He must have failed to keep a proper lookout or he would not have run into the truck, and hence was negligent in this respect; the evidence is sufficient to take the case to the jury on the question of the excessive speed of the defendant's auto.

It is claimed that the driver, in going out of a direct route to pick up the sofa and deliver it to his home, was without the scope of his employment, but on this question there is not a word of proof in the evidence that he was outside the scope of his employment.  *Patrick Sullivan* testified that he was doing business under the name of *Sullivan's Delivery,* and testified to the order for a truck to get the stove for the Wrench Company.  However, he made no claim that the driver went outside the scope of his employment, nor did any other witness.  This assignment of error is wholly without merit.

The claim also is made that the deceased, William Johnson, was guilty of negligence in not warning the driver of the approach of the Pabst truck.  William Johnson was sitting partially on the lap of Hilmer Johnson.  Hilmer Johnson testified that he himself gave no warning, but the driver testified that someone called out, "Look out."  This warning must have come from William Johnson; at least the jury were authorized to so find.  The question of contributory negligence was for the jury, and they found against the defendant.

It is also claimed that the verdict as reduced by the trial court was still excessive. This court has many times said that it would not interfere with the judgment of the trial court where it had reduced the verdict of the jury except in cases where the great preponderance of the evidence was against the verdict so reduced. An examination of the evidence in this case does not indicate that the trial court abused its discretion.

*By the Court.*—The judgment of the circuit court is affirmed.